UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS MOFRAD,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>   Defendant. | Case No. 23-cv-01899-AMO<br><br>**ORDER DENYING MOTION TO COMPEL ATTENDANCE OF A WITNESS AT DEPOSITION**<br><br>Re: Dkt. No. 40 |

Before the Court is Plaintiff Cyrus Mofrad's Motion to Compel Attendance of Henry Apodaca at Deposition Pursuant to Subpoena. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 9, 2024, is VACATED. *See* Civ. L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **DENIES** the Motion, for the following reasons.

The Court assumes familiarity with the facts of the case and focuses its attention on the papers filed since February 29, 2024. Approximately three weeks prior to the March 21, 2024 close of fact discovery, Mofrad moved for leave to file an amended complaint and to amend the case schedule. ECF 34. In its order instructing Defendant United Postal Service, Inc. ("UPS") to file a response, the Court noted, "The existing case schedule at Dkt. No. 19 remains in effect until the Court resolves the Motion." ECF 35 (referring to the case management schedule entered on August 24, 2023). UPS responded that it did not oppose Mofrad's motion for leave to file an amended complaint on the basis that Mofrad's proposed amendment included the addition of a cause of action for wrongful termination that accrued during the pendency of the lawsuit. *See* ECF 36. UPS proposed, however, that the Court bifurcate discovery so that the discovery period

on Mofrad's original claims could close and only discovery as to the new wrongful termination claim would remain open. *Id.* The Court accepted UPS's proposal to bifurcate discovery and entered a new case schedule on April 3, 2024. *See* ECF 38 (superseded by ECF 39, dated April 4).

Earlier, on March 10, 2024, Mofrad noticed Apodaca's deposition to take place on March 19, 2024, two days prior to the close of fact discovery. *See* Lewis Decl., Ex. A (ECF 40-1). Mofrad served the deposition notice on UPS's counsel for UPS on March 13, 2024. *Id.*, Ex. B. In response, UPS's counsel notified Mofrad's counsel that they would be representing Apodaca for the deposition and that neither Defense counsel nor Apodaca were available on the date unilaterally selected by Mofrad. *Id.*, Ex. C. The parties were unable to reach agreement regarding an alternative date for the Apodaca deposition, and Apodaca did not appear on March 19, 2024. *Id.*, Ex. D.

Having failed to take Apodaca's deposition during the discovery period and having failed to obtain a new discovery cutoff for his original claims, Mofrad filed the instant Motion to Compel Apodaca's deposition. ECF 40. UPS makes clear that Apodaca's testimony is limited to Mofrad's preexisting claims of harassment because Apodaca knows nothing of Plaintiff's termination – UPS terminated Apodaca's employment on April 8, 2022, nearly 18 months prior to Plaintiff's termination. Apodaca Decl. ¶ 2. Mofrad does not dispute that the substance of Apodaca's anticipated testimony is limited to Mofrad's harassment claims. The period of fact discovery for Mofrad's harassment claims closed on March 21, 2024. *See* ECF 19, ECF 39. Mofrad failed to move to compel the deposition within seven days of the fact discovery cutoff. *See* Civ. L.R. 37-3. Mofrad's Motion to Compel, filed April 4, 2024, is accordingly untimely. Mofrad contends that he did not file the Motion to Compel within the seven-day period set forth in Civil Local Rule 37-3 because his motion to amend the case schedule, then still pending during the seven-day period, would have obviated the need for a Motion to Compel if granted. Plaintiff fails to persuade. The existing case schedule remained in place and Mofrad did not meet his deadlines. *See* ECF 35 ("The existing case schedule at Dkt. No. 19 remains in effect until the Court resolves the Motion."). A pending motion does not alter an existing scheduling order. Therefore, the Motion to Compel is untimely.

1    Mofrad argues further that good cause exists to grant his Motion to Compel
2    notwithstanding his failure to comply with the deadlines set forth in the Civil Local Rules.  Mot. at
3    5-6 (citing Fed. R. Civ. P. 16(b)).  "Rule 16(b)'s 'good cause' standard primarily considers the
4    diligence of the party seeking the amendment," and if the party seeking amendment "was not
5    diligent, the inquiry should end."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
6    Cir. 1992).  Mofrad fails to demonstrate the necessary good cause and, to the contrary, shows a
7    lack of diligence.  The record reveals that Plaintiff's counsel failed to diligently prosecute the case
8    and repeatedly neglected his discovery obligations in this matter, including by failing to propound
9    any written discovery, by avoiding scheduling the deposition of his client for months, and by
10   rushing to schedule depositions ahead of the discovery cutoff.  *See* Lewis Decl., Exs. A-D;
11   McMahon Decl. (ECF 36-1) ¶¶ 5-24, Ex. A.  The record evidences Plaintiff's counsel's
12   procrastination, and the lack of diligence cuts sharply against good cause for relief from the
13   Court's scheduling orders.
14   For the foregoing reasons, the Court **DENIES** the Motion to Compel Attendance of Henry
15   Apodaca at Deposition Pursuant to Subpoena.
16   **IT IS SO ORDERED.**
17   Dated: May 2, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**