UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS MOFRAD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | Case No. 23-cv-01899-AMO<br><br>**ORDER MODIFYING THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 102, 103 |

Before the Court is Defendant United Parcel Service, Inc.'s ("UPS") "ex parte" application to correct or modify the Court's Order ruling on Defendant's motion for summary judgment. *See* ECF 102 (MSJ Order); ECF 103 (Ex Parte Application). In significant part, UPS asks the Court to correct or modify the portion of its Order permitting a portion of Plaintiff's eighth cause of action for wrongful termination in violation of public policy to survive despite indicating that the entirety of that cause of action would fail during the December 12, 2024 hearing on the motion for summary judgment. *See* ECF 103.

Plaintiff responded to UPS's application by arguing that the Court's carefully considered, written order should govern rather than the Court's oral ruling. *See* ECF 105.

As illuminated by UPS, the Court specifically addressed the eighth cause of action at the December 12, 2024 hearing through the following discussion:

> The Court: So my question for you, Mr. Lewis, is, right, you have –
> your eighth cause of action, wrongful termination, violation of
> public policy, my sense, and even though you premised that on
> FEHA, my premise is that is not tied to your sex harassment claim.
>
> [Plaintiff's Counsel] Mr. Lewis: It is in the retaliation sense, but if,
> for example, Your Honor was to strike the ADA, the FEHA
> disability claims, we would concede that that is more connected to
> those claims than it is to the sex harassment claim.

> The Court: Okay. So then so you – thank you. I was trying to figure out – to my mind, that means that I would grant the motion for summary judgment also with regard to the eighth cause of action.

MSJ Hrg. Tr. (ECF 86) at 12:22-13:9. The Court immediately confirmed its anticipated ruling:

> The Court: You will get a writing that denies the motion for summary judgment with regard to the sex harassment claim, the IIED claim, actually those two, and also the failure to prevent, and then with regard to the second cause of action, the failure to prevent sex harassment. But, right, I'm going to grant the motion for summary judgment with regard to retaliation, the failure to accommodate, causes of action 3, 4, 6, 7, 8, 9, as well as the request for punitive damages.

*Id.* at 13:11-19. In light of this record and upon further review, the Court agrees with UPS – the reasoning at page 16 of the Court's Order on UPS's motion for summary judgment fails to account for Plaintiff's concession at oral argument, and it erroneously reasoned that a portion of the eighth cause of action should survive. *See* ECF 102 at 16. UPS is instead entitled to summary judgment regarding that claim of wrongful termination in violation of public policy.

Accordingly, the Court hereby **GRANTS** UPS's application and **MODIFIES** the August 11, 2025 Order. The Court **GRANTS** UPS's motion for summary judgment as to the eighth cause of action given Mofrad's concession that the claim of wrongful termination in violation of public policy was connected to the allegations of retaliation under California's Fair Employment and Housing Act, allegations of retaliation that failed on the merits. *See* Order (ECF 102) at 12-14. The eighth cause of action may not proceed to trial.

**IT IS SO ORDERED.**

Dated: August 15, 2025

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**

2